# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00717-CV

BPHC, LLC, as successor in interest of KORR, LLC, Appellant

v.

Willie Earl Perkins Sr., Appellee

FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT
NO. 423-4530, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case arises out of a lawsuit filed by appellant BPHC, LLC, as successor in interest of KORR, LLC, against Willie Earl Perkins Sr. in August 2016.[1] After the trial court signed an order granting Perkins' Rule 93 Verified Denial and dismissing BPHC's claims against Perkins with prejudice, BPHC filed a notice of interlocutory appeal. We questioned our jurisdiction over the interlocutory appeal. *See generally* Tex. Civ. Prac. & Rem. Code § 51.014 (governing interlocutory appeals).

BPHC has responded with a "Brief in Support of Jurisdiction," asserting that it was taking an agreed interlocutory appeal under rule 28.2 of the rules of appellate procedure. *See* Tex. R. App. P. 28.2. BPHC asserts that the appeal and associated stay of proceedings was agreed

---

[1] BPHC later added another individual as a defendant, but its notice of appeal only refers to Perkins.

between the parties, pointing to an order of abatement signed by the trial court, and that "the appeal is subject of Tex. R. App. P. 28.2, as opposed to unilateral permitted appeals of Tex. R. App. P. 28.3." However, as the comments to rule 28 explain, "Rule 28.2 applies only to appeals in cases that were filed in the trial court before September 1, 2011." Tex. R. App. P. 28 cmt. The comments explain that in 2011, rule 28 was rewritten in response to recent changes to section 51.014, which "eliminated the prior requirement that the parties agree to the appeal and instated a requirement that the court of appeals also permit the appeal." *See id.*; *see also* Tex. Civ. Prac. & Rem. Code § 51.014(d)-(f). The underlying lawsuit was filed in 2016, and thus an attempt to appeal under rule 28.2 based on the agreement of the parties does not properly invoke our jurisdiction. *See Barrientos v. HEB Grocery Co.*, No. 04-17-00607-CV, 2017 WL 5471881, at *1 (Tex. App.—San Antonio Nov. 15, 2017, no pet.) (mem. op.); *Jarrar Holdings, LLC v. Clayton Williams Energy, Inc.*, No. 10-16-00204-CV, 2016 WL 3964469, at *1 (Tex. App.—Waco July 20, 2016, no pet.) (mem. op.).

BPHC also filed a motion titled "In the Alternative Tex. R. App. Proc. 10.5 Motion for Extension of Time to File Petition for Permission to Appeal" and a "Supplement of Reporter's Records . . . and In the Alternative 28.3 Request for Permission to Appeal." *See* Tex. R. App. P. 10.5, 28.3. However, those documents were filed on November 23, 2018, and November 29, 2018, respectively. Rule 28.3 requires that a petition for permissive appeal be filed within fifteen days of the order sought to be appealed, allowing for an extension of time "if the party . . . files the petition within 15 days after the deadline," along with a proper motion for extension of time. *See id.* R. 28.3(c), (d). Thus, BPHC's documents, filed more than thirty days after the October 19th order

was signed, cannot invoke our jurisdiction under rule 28.3. *See Jarrar Holdings*, 2016 WL 3964469, at *1. Furthermore, the second motion, requesting "permission to appeal," does not comply with the various requirements of rule 28.3. *See* Tex. R. App. P. 28.3(e). It seeks only to establish that the trial court granted permission to appeal.

Because BPHC has not filed a timely or sufficient petition for permissive appeal, it has not invoked our jurisdiction.[2] We therefore dismiss the appeal for want of jurisdiction. *See id.*; *see also* Tex. R. App. P. 42.3(a).

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed: January 24, 2019

---

[2] Even if we could consider BPHC's motions filed in late November as properly seeking to bring a permissive appeal, the trial court has not signed a written order permitting an appeal sufficient to comply with section 51.014. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). BPHC points to the trial court's abatement order as granting permission to appeal, but that order states only that the "case is abated pending appeal of the Court's Order dismissing Plaintiff on the basis of lack of standing." The order does not specifically state that the trial court was granting permission to appeal, nor does it "identify the controlling question of law as to which there is a substantial ground for difference of opinion" or "state why an immediate appeal may materially advance the ultimate termination of the litigation." Tex. R. Civ. P. 168 (implementing section 51.014(d)). The abatement order does not suffice to grant permission under section 51.014(d). *See Long v. State*, No. 03-12-00437-CV, 2012 WL 3055510, at *1 (Tex. App.—Austin July 25, 2012, no pet.) (mem. op.). The fact that the reporter's record reflects that the parties verbally discussed with the trial court whether it was allowing the appeal does not change the fact that the order itself does not comply with the applicable statute and rules.

3